**E-FILED**
Monday, 10 December, 2012  12:01:00 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

GEORGE ELLIS SIMMONS,                )
                                     )
    Petitioner,                      )
                                     )
        v.                         )       No. 12-3306
                                     )
WALTER NICHOLSON, Warden,            )
Illinois River Correctional Center,)
                                     )
    Respondent.                      )

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Pro Se Petitioner George Simmons, an inmate at Illinois River

Correctional Center, has filed a Petition Under 28 U.S.C. § 2254 for

Writ of Habeas Corpus by a Person in State Custody (Petition) (d/e 1).

According to the Petition, Simmons was convicted of Possession of a

Controlled Substance With Intent to Deliver.  Pending before the Court

are Simmons's Motion for Leave to Proceed In Forma Pauperis (d/e 2)

and an initial review of the Petition under Rule 4 of the Rules Governing

Section 2254 in the United States District Courts.

Simmons has the sum of $0.09 in his account at Illinois River

1

Correctional Center.  Therefore, the Motion for Leave to Proceed In Forma Pauperis is granted.  The five dollar filing fee is waived.

Rule 4 requires the Court to promptly examine the § 2254 petition and any attached exhibits.  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petitioner and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

According to the Petition, Simmons was convicted of Possession of a Controlled Substance with Intent to Deliver on September 19, 2006, in the Winnebago County Circuit Court in Rockford, Illinois.  Simmons received a sentence of 15 years' imprisonment and 3 years' mandatory supervised release (MSR).  Simmons filed a direct appeal in which he argued that he "was convicted on the weight of the substance and was not found guilty beyond a reasonable doubt."  The Illinois Appellate Court affirmed the  conviction.  Simmons did not appeal the appellate court's decision to the Illinois Supreme Court.

Simmons did, however, file a motion for leave to file a writ of habeas corpus as an original action in the Illinois Supreme Court under

Illinois Supreme Court Rule 381.  The grounds raised in his motion brought pursuant to Supreme Court Rule 381 were as follows:  "That the trial court, the Illinois Department of Corrections and the Illinois Prisoner Review Board is allowed to misinterpret and misapply sentencing guidelines statutes to the disadvantage of Petitioner causing him to serve more time in prison and on Mandatory Supervised Release than what is required under the day for day laws of Illinois."  Simmons attached to the instant Petition the Illinois Supreme Court's September 21, 2012 Order which states "[t]he motion by petitioner for leave to file a petition for writ of habeas corpus is <u>denied</u>."  (Emphasis in original.)

On November 15, 2012, Simmons filed the instant Petition that contains allegations similar to those made in his motion to file a writ of habeas corpus in the Illinois Supreme Court.  Specifically, the Petition states that Simmons "is being twice put in jeopardy for the same offense by being forced to serve more time in prison and on mandatory supervised release (MSR) than what is required by Illinois law because of the misinterpretation and misapplication of the day for day statute."

The Petition reflects that the claims Simmons raises in the present federal habeas corpus petition were not raised in his direct appeal.

Instead, the claims Simmons presents in the Petition were first raised in his motion under Illinois Supreme Court Rule 381 for leave to file a habeas corpus petition in the Illinois Supreme Court. "Federal courts will not address the merits of a habeas corpus claim unless the petitioner presented it in 'one complete round of the State's established appellate review process.'" Hadley v. Holmes, 341 F.3d 661, 664 (7th Cir. 2003), quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed.2d 1 (1999). While filing a motion for leave to file a writ of habeas corpus directly in the Illinois Supreme Court is a recognized "bypass procedure, the Supreme Court's denial of leave to file the writ of habeas corpus 'is not an adjudication on the merits and does not preclude the plaintiff from prosecuting an action seeking the same relief in a circuit court' and through the standard appellate process." Dupree v. Jones, No. 07-1149, 2007 WL 2908948, at *2 (C.D. Ill. Oct. 3, 2007) (quotation omitted), aff'd by unpublished order, 281 F. App'x 559, 560 (7th Cir. 2008) (stating "a prisoner who does nothing more after being turned away by the supreme court has not pursued a full round of state-court review, and thus, has not exhausted"); see also Wahiid v. McGann, No. 08 C 0637, 2009 WL 1675952, at *2 (N.D. Ill. June 11, 2009) (the

4

denial of a motion for leave to file a petition for habeas corpus in the Illinois Supreme Court "did not represent a ruling on the merits and did not preclude [the petitioner] from subsequently raising these issues in a petition filed in a state trial court"); United States ex rel. Malloy v. Ott, No. 08 cv 6109, 2009 WL 2605287, at *2 (N.D. Ill. Aug. 25, 2009) (citing Wahiid for the same proposition).

THEREFORE, the Petition [1] is DISMISSED WITHOUT PREJUDICE because the claims made therein have not been exhausted in state proceedings.

IT IS SO ORDERED.

ENTER:  December 7, 2012.

FOR THE COURT:

s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE